IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MSC PIPELINE, LLC, a Mississippi                             PLAINTIFF
Limited Liability Company

V.                                                    CIVIL ACTION NO. 3:13CV152

MSC PIPELINE, LLC, an Arkansas                            DEFENDANTS
Limited Liability Company, now known
as LONGHORN CONSTRUCTION, LLC, *et al.*

## ORDER

Presently before the court is Plaintiff's motion for reconsideration of the court's February 9, 2015 order granting in part and denying in part Plaintiff's motion for partial summary judgment. Upon due consideration, the court finds that the motion is not well taken and should be denied.

Pursuant to Rule 59(e), a party may make a motion to alter or amend a judgment within twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration is not "intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). The motion may only be granted when the movant has clearly established "either a manifest error of law or fact" or has presented "newly discovered evidence." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment was issued." *Id.* at 864.

Plaintiffs argue that because the court considered the express terms of the agreements for purposes of evaluating the bad faith claim that it must also look to those same express terms for purposes of evaluating Defendants' claim for fraud. The court disagrees.

It is axiomatic that when deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Viewing the bad faith claim in the light most favorable to Defendants, the court assumed, for purposes of that claim only, that the Asset Purchase Agreement ("APA") was valid. The court then looked to the agreement's express terms and concluded that the bad faith claim could not stand because nothing the Plaintiff did was prohibited by those express terms. Conversely, the court, in evaluating Defendants' claim for fraud, was not required to assume that the agreements were valid. Plaintiff's argument that the court must look to the APA's express terms in evaluating Defendants' claim for fraud is therefore rejected.

In support of its motion for reconsideration, Plaintiff points to language in the APA and Employment Agreements which it argues unequivocally contradicts Defendants' assertions that Carothers promised them that they would maintain control of the company and that the business would continue to run as it had before. Plaintiff simply rehashes the same arguments made in its motion for partial summary judgment. The court has previously considered and rejected these arguments.

The court briefly addresses Plaintiff's assertions pertaining to email correspondence between Carothers and other MSC Mississippi employees which the court addressed in its memorandum opinion ruling on the motion for partial summary judgment. The court understood this correspondence to be about *terminating* Alvey, though it now appears the discussions were instead about *demoting* Alvey. Though the court was mistaken as to the nature of the emails, the analysis does not change. Whether the email exchange was about dismissal or demotion, the point remains the same -- a reasonable juror could infer from those exchanges that Carothers

2

never intended to follow through with the alleged promises he made to Defendants that they would maintain control of the company. The court notes, however, that Carothers now concedes he never intended to allow Simpson and Alvey to run the company; nor did he intend for the business to run the same as it had before, leaving only the question of whether Carothers made the representations alleged by Defendants.

Viewing the facts in the light most favorable to the non-movant, the Court maintains its conclusion that summary judgment as it pertains to Defendants' claim for fraud is inappropriate at this time. "[C]ases which involve allegations of fraud or misrepresentation generally are inappropriate for disposition at a summary judgment stage." *Illinois Cent. R.R. Co. v. Harried*, 681 F. Supp. 2d 773, 775 (S.D. Miss. 2009) (citation omitted). The court again notes, however, that Defendants will carry a heavy burden in proving the elements of fraud by clear and convincing evidence. *Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 762 (Miss. 2004).

Plaintiff has not presented the court with any newly discovered evidence; nor has it raised any arguments that were not raised in its motion for partial summary judgment. The court, therefore, finds that Plaintiff's motion for reconsideration should be, and the same is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 13th day of March, 2015.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**