IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MSC PIPELINE, LLC, a Mississippi                                          PLAINTIFF
Limited Liability Company

V.                                                            CIVIL ACTION NO. 3:13CV152

MSC PIPELINE, LLC, an Arkansas                                           DEFENDANTS
Limited Liability Company, now known
as LONGHORN CONSTRUCTION, LLC, et al.

<u>ORDER</u>

Presently before the court is Defendants' motion for reconsideration of the court's February 9, 2015 order granting in part and denying in part Plaintiff's motion for partial summary judgment. Upon due consideration, the court finds the motion is not well taken and should be denied.

Pursuant to Rule 59(e), a party may make a motion to alter or amend a judgment within twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration is not "intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). The motion may only be granted when the movant has clearly established "either a manifest error or law or fact" or has presented "newly discovered evidence." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment was issued." *Id.* at 864.

Defendants first contend the court was incorrect in its memorandum opinion regarding whether Defendants objected to the final adjusted balance sheet. Defendants contend that they did in fact object within fifteen days as required by the APA. Defendants, however, are mistaken. Plaintiff finalized and sent the adjusted balance sheet on April 2, 2013. The sheet was

delivered on April 5, 2013. The APA states that the "seller shall have a period of fifteen business days from the time seller is delivered the adjusted balance sheet to review . . . and notify the buyer in writing whether seller disputes." Using the date of delivery, April 5, 2013, Defendants had until April 20, 2013, to respond as required by the APA. Defendants contend that Simpson was out of town when the document was delivered and that he did not get a chance to review it until April 9, 2013. Using this date, Defendants were required to object by April 24, 2013. On April 29, 2013, Defendants drafted a one sentence e-mail in which they disputed the adjusted balance sheet. Plaintiff received this e-mail on April 30, 2013. Thus, under either calculation, Defendants failed timely to object. Further, they failed to object until after Plaintiff filed suit to recover the damages allegedly owed.

The court therefore rejects Defendants' position that they timely objected to the adjusted balance sheet. The court notes, however, that this argument is irrelevant to the issues to be presented at trial which will focus on whether a fraud was committed upon Defendants.

Defendants next argue that the bad faith claim should be presented to the jury. Defendants contend that their bad faith claims are not predicated on the Employment Agreements but are instead based on the APA. Their claims of bad faith, however, directly relate to the employment relationship between Plaintiff and Defendants and, therefore, are predicated on those Employment Agreements. While the court notes that the APA and Employment Agreements were executed at the same time, that does not necessarily incorporate the Employment Agreement terms into the APA. The Employment Agreements were executed separately and were signed separately from the APA. Mississippi does not recognize an implied covenant of good faith and fair dealing in employment contracts. Defendants' bad faith claim as

2

it pertains to the employment relationship between Simpson, Alvey, and MSC Mississippi is, therefore, not viable.

Defendants have failed to present any newly discovered evidence and have failed to raise any arguments that were not raised at the summary judgment stage. The court, therefore, finds that Defendants' motion for reconsideration should be, and the same is hereby, **DENIED.**

**SO ORDERED AND ADJUDGED** this, the 13th day of March, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**